THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* MARCELINO SALDAÑA, Defendant and Appellant.

No. 7924. Argued January 18, 1940.—Decided January 19, 1940.

*Enrique Báez García* for appellant. *R. A. Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

The complaint which originated this proceeding copied literally in its relevant part, reads:

"I, Rosa Virella, resident of Ciales, P. R., Betances St., No. XX, of age, file a complaint against Marcelino Saldaña, for an offense of Abandonment and Neglect of Children, committed in the following manner: That since the 16th of May of 1939 and on Betances St., in Ciales, of the Municipal Judicial District of Ciales, which is included in the Judicial District of Arecibo, P. R., the defendant, Marcelino Saldaña, then and there, illegally, voluntarily and maliciously and without any legal justification, and with the criminal intent to leave the minor Otto Antonio Saldaña, six months of age, in a complete state of abandonment, failed to provide him with the necessary food, clothes, shoes, medicine, medical aid and everything that is indispensable for the subsistence of said minor. All of which is contrary to law."

The judgment follows in the transcript of the record, thus:

"Today and in open court, this case was called for trial according to the date of its inclusion in the docket, The People of Puerto Rico appearing represented by the District Attorney and the defendant Marcelino Saldaña by his lawyer, Pedro Anglade.

"After the complaint was read, defendant plead guilty. The Court, therefore, declares him guilty of the offense of Abandonment of Children and sentences him to six months in jail, with costs. The court suspends the sentence just imposed on condition that the defendant pay the weekly sum of $2.00 for food and clothes for his minor son.

"Given in open court in the City of Arecibo, Puerto Rico on the 25th of August of 1939."

Then comes the notice of appeal and with it the transcript ends.

In his brief, the appellant assigns two errors committed when he was punished in spite of the fact that the complaint did not allege the commission of a crime and when a judgment was rendered against him which is contrary to the law and is not based on any evidence.

The prosecuting attorney in his written report and on the day of the hearing joined the appellant in his prayer for a reversal because he thought that since it was not alleged in the complaint that the defendant was the father of the minor, the defendant was not charged with the offense for which he was tried and punished, since only when one is a father and voluntarily and without any legal excuse fails to fulfill any of the obligations which the law imposes with respect to one's child, such as providing him with the necessary food, clothes or medical attention, does one commit a misdemeanor in accordance with the applicable law, Section 263 of the Penal Code, which decrees:

"Every parent of any legitimate, legitimated, natural, or acknowledged illegitimate and adopted child who wilfully omits, without lawful excuse, to perform any duty imposed upon him by law or to furnish necessary food, clothing or medical attendance to such

child, is guilty of a misdemeanor; *Provided, however,* That when complaint is filed against a person under the provisions of this section and such person is sentenced, the court may suspend sentence under such condition as it may deem convenient to the welfare of the child.''

And so it is in effect. Shrewdly, the defendant plead guilty and that confession only accepts the facts such as they are alleged in the complaint or information. No evidence was presented and he now takes advantage of his shrewdness before this Supreme Court.

Under the concurring circumstances, we are compelled to reverse the judgment. The act charged to the defendant whose veracity he accepted on pleading guilty, does not constitute an offense. To fail to provide a minor with the necessities of life does not constitute at present a crime unless one is the father or mother of the child. And the complaint does not allege,—nor consequently did the defendant admit it on pleading guilty,—that the said defendant were the father of the minor involved.

The appeal should be granted, the judgment reversed and the defendant acquitted.